# IN THE COURT OF APPEALS OF IOWA

No. 15-1203
Filed July 27, 2016

**LUIS RAMON CRUZ AYABARRENO,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Hancock County, Gregg R. Rosenbladt, Judge.

Luis Ramon Cruz Ayabarreno appeals the denial of his postconviction-relief application. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Dylan J. Thomas, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Luis Ramon Cruz Ayabarreno appeals the denial of his postconviction-relief (PCR) application. Ayabarreno raises three challenges on appeal: (1) his PCR counsel was ineffective for failing to ensure Ayabarreno's pro se claims were addressed by the PCR court, (2) the PCR court erred in finding his pro se claims were waived, and (3) the PCR court erred in finding his trial counsel was not ineffective for failing to inform Ayabarreno of a plea offer made by the State. We agree the PCR court erred by failing to consider Ayabarreno's pro se claims; therefore, we reverse and remand for consideration of those claims. We otherwise affirm the PCR court's denial of Ayabarreno's PCR application.

## I.    Background Facts and Proceedings

In 2013, a jury found Ayabarreno guilty of robbery in the first degree. That conviction was affirmed on direct appeal. *See State v. Ayabarreno*, No. 13-0582, 2014 WL 465761, at *5 (Iowa Ct. App. Feb. 5, 2014). [1] Ayabarreno filed a pro se PCR application on various grounds on May 1, 2014, in which he categorically alleged "ineffective counsels [sic] for failing to raise and/or adequately raise all issues herein." He then filed a pro se brief arguing three grounds: (1) "trial counsel was ineffective for her failures to file a motion to suppress [his] statement where Miranda warnings were not given and the only hard evidence connecting [him] to the crime was found via fruits of the unwarned statement," (2) he "was entitled [to] the knowledge of the plea offer made," and (3) that certain jury instructions used "misstat[ed] the law and/or [were] otherwise lacking

---

[1] The facts pertinent to the underlying crime are contained in that opinion of this court and are not restated herein. *See Ayabarreno*, 2014 WL 465761, at *1-2.

constitutional safeguards." In the body of his third argument, Ayabarreno asserted "counsel failed to object or make exceptions" to the jury instructions used.

Ayabarreno was represented by counsel at the PCR hearing held on April 22, 2015. PCR counsel argued and presented evidence regarding only one of Ayabarreno's claims, that he was denied effective assistance of counsel because he was not informed of a favorable plea agreement. Following the PCR hearing, the PCR court denied Ayabarreno's application. This appeal followed.

## II.     Standard and Scope of Review

"We normally review postconviction proceedings for errors at law." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "Applications for postconviction relief that allege ineffective assistance of counsel, however, raise a constitutional claim." *Id.* "We review postconviction proceedings that raise constitutional infirmities de novo." *Id.* Though a party has only a statutory, not constitutional, right to effective assistance of counsel in PCR proceedings, our review is the same. *See Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). We can resolve ineffective-assistance claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015).

### III. Analysis

#### a. The Pro Se Claims

Regarding his pro se claims, Ayabarreno argues the PCR court erred in finding his pro se claims were waived. In so finding, the PCR court stated, "It appears that all claims raised by [Ayabarreno] in his pro se application and supporting brief either were electively not raised on direct appeal, or were raised, or considered, and were denied, except for the claim of ineffective assistance of counsel for failure to disclose the plea offer." However, as outlined above, Ayabarreno's pro se PCR claims were raised in the guise of ineffective assistance of counsel and, thus, were not required to be preserved on direct appeal. *See* Iowa Code § 814.7(1) (2013). Therefore, this was not a basis under which the PCR court could determine it need not consider Ayabarreno's claims. *See Hoosman v. State*, No. 14-1870, 2016 WL 1704013, at *1 (Iowa Ct. App. Apr. 27, 2016). Further, as outlined by the PCR court, Ayabarreno's claims on direct appeal addressed "the sufficiency of the store clerk's identification, a remark made by the prosecutor during closing arguments, and [Ayabarreno's] trial attorney's failure to object to the prosecutor's questions to the store clerk concerning her reaction to the robbery." Therefore, Ayabarreno's PCR claims have not been previously adjudicated.

The PCR court also noted, "The testimony at the trial in this matter centered on . . . [the] conveyance of the plea offer to Mr. Ayabarreno by counsel." The State argues the PCR court was thus justified in finding the pro se claims were waived as a result of Ayabarreno's failure to argue and present evidence as to these claims. That Ayabarreno's counsel did not present some of the pro se

claims at the PCR hearing did not absolve the PCR court of its responsibility to consider the claims in its ruling. *See Gamble v. State*, 723 N.W.2d 443, 445-46 (Iowa 2006) (stating PCR counsel is not "required to assess the validity" of every pro se claim because "[a] postconviction relief applicant may file . . . [whatever] documents the applicant deems appropriate in addition to what the applicant's counsel files. *This qualification should give the applicant assurance that all matters the applicant wants raised before the district court will be considered*"). The PCR court is responsible to "make specific findings of fact, and state expressly its conclusions of law, relating to *each issue presented.*" *Id.* at 445 (emphasis added) (quoting Iowa Code § 822.7). Here, the PCR court failed to do so. Accordingly, we reverse the district court's ruling insofar as it found it need only consider Ayabarreno's claim that trial counsel failed to disclose the plea offer; we remand for consideration of Ayabarreno's remaining pro se claims.[2] *See Jones v. State*, 731 N.W.2d 388, 392 (Iowa 2007) (remanding to the district court, finding "[i]n the present case, the district court erred in refusing to consider the pro se pleadings filed by" the applicant in the PCR proceeding).

### b. The Plea Offer

At issue was a plea offer extended to Ayabarreno by the State. Ayabarreno testified he received the first plea offer—to plead guilty to robbery in the first degree. The State made a second plea offer of robbery in the second

---

[2] Because we are reversing and remanding for the court to rule on the merits of Ayabarreno's claims that his trial counsel was ineffective, we need not address his claims that his PCR counsel was ineffective in arguing the same. *See Hoosman*, 2016 WL 1704013, at *1-2, *2 n.1. Insofar as Ayabarreno invites us to consider his claims on the merits, we decline to do so. *See id.* at *2 ("We will not usurp the PCR court's role by ruling on the substance of the ineffective-assistance claims before the PCR court has addressed them.").

degree. In October 2012, the robbery-in-the-second-degree plea offer was sent by mail to Ayabarreno by his initial trial counsel; Ayabarreno denied ever receiving the letter.

The PCR court summarized the evidence presented at the PCR hearing as follows:

> [Ayabarreno] testified that he was unaware of the State's plea offer to allow him to plead to a lesser charge of "Robbery in the Second Degree," until it was "too late."
>
> Initially, in the trial court, Ayabarreno was represented by [an] [a]ttorney . . . . [who] transferred from the Public Defender's Office in Mason City to the bench on October of 2012.
>
> [The attorney's] testimony was that Ayabarreno always insisted on receiving a recommendation for probation, and that he was never willing to plead to any charge that would involve incarceration. She testified that this was discussed with Ayabarreno on multiple occasions, and that Ayabarreno "always wanted probation" with "no budge" from that position.
>
> [Another attorney] took over representation of Ayabarreno in November of 201[2], and had her first contact with him on November 7, 201[2]. She testified that the plea offer was initially "still on the table." [She] maintained that Ayabarreno was aware of the plea offer, but that he simply did not wish to accept it. Her testimony about Ayabarreno's position was consistent with that of [his first attorney].

Ayabarreno testified he first learned of the robbery-in-the-second-degree plea offer from his second attorney in November 2012, he asked to accept the plea, and she indicated it was too late. By letter dated February 13, 2013, Ayabarreno's second attorney informed him the robbery-in-the-second-degree plea offer had been withdrawn by the State. Ayabarreno stated he did not recall getting a copy of the letter.

Having heard all of the testimony, the PCR court concluded the testimony of the attorneys "was very credible and consistent with both each other's testimony and with supporting exhibits." The PCR court also found "Ayabarreno

[wa]s not credible in his assertion that he was not told of the plea offer" to robbery in the second degree.

In denying Ayabarreno's application, the PCR court concluded:

> The allegation in this matter does not really involve an allegation of ineffective strategy or ineffective trial tactics. [Ayabarreno] is alleging that [the attorneys] simply did not inform him of the plea offer to Robbery Second that was on the table.
> This is countered by testimony from the two trial attorneys that Mr. Ayabarreno knew of the offer and consistently did not want to accept it and took no steps to accept it, refusing to plead to an offense that involved incarceration.
> Both [attorneys] were very experienced trial attorneys. The Court has no doubt that the State's offer was conveyed to Mr. Ayabarreno. He simply chose not to accept the offer and plead to any forcible felony, and his result at trial was predictable.
> [The attorneys] performed all essential duties of counsel in conveying the plea offer.

The record before us establishes Ayabarreno was sent a letter informing him of the plea offer extended by the State. Even assuming he did not receive this letter, he was then informed by his second attorney of the offer in November. This offer remained valid until February 2013. While Ayabarreno claims he was told in November that it was too late to accept the plea, his attorney testified otherwise. The PCR court found the testimony of the attorneys consistent and credible, and "we give weight to the lower court's findings concerning witness credibility." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). On our de novo review, we affirm the district court's finding that Ayabarreno failed to meet his burden of proof that trial counsel was ineffective for failing to inform him of the State's second plea offer.

**IV.    Conclusion**

We find the PCR court erred by failing to consider Ayabarreno's pro se claims, and reverse and remand for consideration of those claims.  We affirm the district court's denial of Ayabarreno's PCR application based on his trial counsel's alleged failure to inform Ayabarreno of a plea offer.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**